UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON P. STEWART,<br><br>   Plaintiff,<br>v.<br><br>CALIFORNIA DEPARTMENT OF<br>EDUCATION, *et al.*,<br><br>   Defendants. | Civil No. 07cv0971 JAH(CAB)<br><br>**ORDER RE: DEFENDANTS'<br>MOTIONS TO DISMISS [Doc. Nos.<br>6, 28, 36, 38, 40, 44, 47, 55, 82]<br>AND PLAINTIFF'S MOTIONS<br>[Doc. Nos. 51, 80, 99, 108, 118]** |

**BACKGROUND**

   Plaintiff filed a complaint on May 29, 2007, seeking relief under 42 U.S.C. § 1983, Title 1X, 42 U.S.C. 2000-d, 42 U.S.C. § 12101, 42 U.S.C. § 1985, 20 U.S.C. § 1400 and the Rehabilitation Act, and for violations of the First, Fourth, and Fourteenth Amendments. California Department of Education, Superintendent, Jack O'Connell, State office of Administrative Hearings, McGeorge College of Law, Glenn Fait, San Diego County Board of Education, San Diego County Board of Supervisors, Poway Unified School District Governing Board, PUSD Special Education Local Plan Area, Jo Ann Murphy, Theresa Kurtz, Emily Shieh, PUSD IEP Teams, Rady's Children's Hospital, Betsy A. Slavik, K.I.D.S. Therapy Associates, Inc., Kelli Marsaglia, the firm Akinson, Andelson, Loya, Ruud and Romo, and Does 1-50 were named as defendants.

   On July 2, 2007, Defendant County of San Diego[1] ("the County") filed a motion to dismiss or in the alternative, a motion for a more definite statement. See Doc. No. 6.

---

[1] Sued as "San Diego County Board of Supervisors (S.D. County)"

1  Defendant Rady's Children's Hospital filed a motion to dismiss and a motion to strike
2  request for punitive damages on July 13, 2007. See Doc. No. 28. Defendants Slavik, and
3  K.I.D.S Therapy Associates ("K.I.D.S.") filed a motion to dismiss and motion to strike
4  request for punitive damages.² See Doc. No. 36. On July 16, 2007, Defendant San Diego
5  County Office of Education ("BOE") filed a motion to dismiss (Doc. No. 38) and
6  Defendant Akinson, Andelson, Loya, Ruud and Romo ("AALRR") filed a motion to
7  dismiss or alternatively, for a more definite statement (Doc. No. 40). Defendants Pacific
8  McGeorge School of Law and Fait filed a motion to dismiss on July 20, 2007. See Doc.
9  No. 44. On July 23, 2007, Poway Unified School District (sued as PUSD Special
10 Education Local Plan, PUSD IEP Teams and PUSD Governing Board) ("PUSD") and
11 Defendants Shieh, Marsaglia, Murphy and Kurtz filed a motion to dismiss (Doc. No. 47).
12 On August 16, 2007, Defendant Office of Administrative Hearings ("OAH") filed a
13 motion to dismiss and motion to strike (Doc. No. 55).

14 Plaintiff's opposition to Defendant County of San Diego's motion was filed *nunc*
15 *pro tunc* to August 7, 2007. Plaintiff filed an opposition to Defendants Fait and Pacific
16 McGeorge School of Law's motion to dismiss on August 20, 2007. See Doc. No. 57.
17 Defendants filed a reply on August 27, 2007.

18 Plaintiff filed oppositions to Defendant San Diego County Office of Education's
19 motion, Defendant AALRR's motion, Defendant PUSD's motion, and Defendants Slavik
20 and K.I.D.S.'s motion on August 27, 2007. See Doc. Nos. 60, 61, 62, 65.

21 Defendant County of San Diego filed a reply on August 31, 2007. See Doc. No.
22 67. Defendants Slavik and K.I.D.S. filed a reply on September 4, 2007. See Doc. No. 68.
23 Defendant PUSD filed a reply on September 7, 2007. See Doc. No. 71. Defendant
24 AALRR filed a reply on September 10, 2007. See Doc. No. 74.

25 On October 11, 2008, Defendants California Department of Education and
26 O'Connell filed a motion to dismiss on October 11, 2007. See Doc. No. 82. Plaintiff filed
27 a response to Defendant Office of Administrative Hearing's motion on October 26, 2007.
28

---

²Defendant Rady's Children's Hospital joined in the motion.

1 See Doc. No. 92. On November 8, 2007, Defendant Office of Administrative Hearings
2 filed a reply. See Doc. No. 96.

3 On May 23, 2008, Plaintiff filed an application for leave to file a response to
4 Defendant California Department of Education's motion. Upon finding lack of good
5 cause, the Court denied the request. See Doc. No. 114. Plaintiff has filed a motion for
6 reconsideration of the order. See Doc. No. 118.

7 **DISCUSSION**

8 The various defendants seek dismissal of the complaint pursuant to Federal Rules
9 of Procedure 12(b)(1) and 12(b)(6). They also seek to dismiss or move for a more definite
10 statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for failing to
11 comply with Rule 8. Certain Defendants also seek to strike portions of the complaint
12 pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Defendant California
13 Department of Education and O'Connell also seek dismissal under Federal Rule of Civil
14 Procedure 12(b)(5).

15 **I. Plaintiff's Generally Inadequate Complaint**

16 **A. Federal Rule of Civil Procedure 8**

17 As an initial matter, the Court finds Plaintiff's complaint fails to comply with
18 Federal Rule of Civil Procedure 8 and should be dismissed in its entirety without prejudice.
19 Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "shall contain (1) a
20 short and plain statement of the grounds upon which the court's jurisdiction depends . .
21 ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief,
22 and (3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a).
23 Similarly, Rule 8(d) requires that "each averment of a pleading shall be simple, concise and
24 direct." Rule 8 is designed to provide defendants with fair notice of the claims against
25 them and the grounds on which those claims rest. McKeever v. Block, 932 F.2d 795, 798
26 (9th Cir. 1991); see McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

27 Sifting through the allegations of the 98 page complaint is an arduous task. The
28 rambling complaint which primarily discusses aspects of Plaintiff's education is at times

1  incoherent and is very confusing. It contains disconnected allegations against a number
2  of individuals, some of whom are not named as defendants, quotes from correspondence
3  between Plaintiff's parent and the individuals involved in Plaintiff's education, verbatim
4  legal arguments made in other cases involving Plaintiff and his parent, and quotes from
5  testimony provided in other actions. At one point, Plaintiff appears to have cut and
6  pasted the cover page of the third amended complaint in Lindsey Stewart v. Poway United
7  School Dist.; case number 04cv0438 into the complaint in this action.

8        The complaint fails to conform with Rule 8(d) which requires a pleading be "simple,
9  concise and direct." The Ninth Circuit has recognized that "confusing complaints. .
10 .impose unfair burdens on litigants and judges." McHenry v. Renne, 84 F.3d 1172, 1179-
11 80 (9th Cir. 1996). This Court finds weeding through the complaint to determine what
12 allegations are leveled at each defendant to determine whether Plaintiff states a claim
13 imposes a heavy burden sought to be avoided by Rule 8. It is nearly impossible to identify
14 the allegations asserted against each defendant.

15       Although not all Defendants move to dismiss pursuant to Rule 8 or move for a more
16 definite statement under Rule 12(e), they all recognize Plaintiff's failure to comply with
17 Rule 8. See County of San Diego Motion at 1, n.1 ("[I]t should be noted that it is
18 challenging to distill the allegations [in the complaint] due to the structure and nature of
19 the narrative in the pleading."); Defendant Rady's Motion at 2 (Referring to the complaint
20 as unintelligible and difficult to decipher); Defendants Slavik and K.I.D.S.'s Motion at 13
21 (Seeking dismissal of the complaint, described as "convoluted and undecipherable,"
22 pursuant to Rule 8); San Diego County Office of Education's Motion at 2 (Describing the
23 complaint as "vague and confusing with lengthy recitations of incomprehensible facts.");
24 Defendant AALRR's Motion at 3 ("Plaintiff's complaint is extremely lengthy, rambling,
25 disorganized and vague."); Defendants University of the Pacific McGeorge School of Law's
26 Motion at 2 ("Plaintiff JASON P. STEWART has filed a largely incomprehensible
27 document entitled Complaint. . ."); Defendant OAH's Motion at 14 (Describing the
28 complaint as "confused and redundant."); Defendants CDE and O'Connell's Motion at

2 (Describing the complaint at "largely incomprehensible").

Accordingly, the complaint is dismissed in its entirety for failure to comply with Rule 8. Defendants' motions seeking dismissal pursuant to Rule 8 and seeking a more definite statement pursuant to Rule 12(e) are GRANTED. The motions to dismiss pursuant to Rule 12(b)(6) based upon insufficient allegations are DENIED without prejudice.

**B. Leave to Amend**

Plaintiff will be provided an opportunity to file an amended complaint that complies with Rule 8 and sufficiently states claims against the named defendants. To comply with Rule 8, the amended complaint must, at a minimum, give fair notice and state the elements of each claim against each defendant plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984); Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

**1. The First Amended Complaint Must State a Claim**

To make out a claim cause of action under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

42 U.S.C. § 2000d, Title VI, provides that "no person in the United States shall, on the ground of race, color or national origin be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Accordingly, claims brought under 42 U.S.C. § 2000d must allege discrimination based upon race, color or national origin. Claims brought pursuant to Title IX of the Education Amendments of 1972 to the Civil Rights Act of 1964, which protects against discrimination based upon sex, must at minimum, allege discrimination based upon sex.

To properly allege a claim under the ADA or the Rehabilitation Act[3], a plaintiff must allege that: (1) he or she is a qualified individual with a disability; (2) he or she was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities or was otherwise discriminated against by the public entity; and (3) the exclusion, denial of benefits or discrimination was by reason of the disability. Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997).

To state a claim pursuant to 42 U.S.C. § 1985 requires allegations showing (1) a conspiracy to deprive him, as a member of a protected class, equal protection of the laws, (2) an act by one of the conspirators in furtherance of the conspiracy, and (3) a personal injury, property damage or deprivation of a right or privilege guaranteed to him as a citizen of the United States. Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980).

Plaintiff must also clearly and sufficiently allege facts to support a claim under the IDEA. He must also include allegations showing he exhausted his administrative remedies or exhaustion is unnecessary. See Robb v. Bethel School Dist. No. 403, 308 F.3d 1047, 1050 (9th Cir. 2992).

**2. The First Amended Complaint Must Address Statute of Limitations Issues**

Defendants Slavik and K.I.D.S., and Defendants Pacific McGeorge School of Law argue Plaintiff's civil rights actions are untimely. Defendants maintain California's one year statute of limitations for personal injury actions governs civil rights claims brought under section 1983 and section 1985; and claims under section 2000-d are brought under the same limitations period as section 1983 claims. Plaintiff alleges Defendants' misconduct is based on Slavik's testimony from the hearing which was conducted from February 28, to March 1, 2006 and based on her report dated March 2, 2004. According to Defendants, Plaintiff, whose date of birth is March 21, 1988, failed to file the complaint one year after reaching the age of majority. As such, defendants contend the

---

[3]Title II of the ADA extended the reach of the Rehabilitation Act to all public entities, irrespective of whether they receive federal funds. As such, courts read the Rehabilitation Act consistently with Title II of the ADA. Armstrong v. Davis, 275 F.3d 849, n. 17 (9th Cir. 2001).

1  statute of limitations bars his claims.

2  "California's one-year statute of limitations for personal injury actions governs
3  claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985." Taylor v. Regents of
4  Univ. Of California, 993 F.2d 710, 711 (9th Cir. 1993) (citing Wilson v. Garcia, 471 U.S.
5  261, 275 (1985); McDougal v. County of Imperial, 942 F.2d 668, 672-74 (9th Cir.
6  1991)).  However, a plaintiff's claim is tolled under California law until the plaintiff
7  reaches the age of eighteen.  Cal.Civ.Proc.Code § 352(a); Cal. Fam.Code § 6500
8  (providing that the age of majority in California is eighteen).

9  Plaintiff reached the age of majority in March 2006.  His complaint was filed May
10 2007.  Accordingly, his claims under sections 1983 and 1985, absent tolling, are untimely.
11 The claims based upon Slavik's testimony from the hearing conduct February 28 to March
12 1, 2006 and the March 2, 2004 report are DISMISSED WITHOUT PREJUDICE.  In the
13 event Plaintiff desires to include these claims, Plaintiff's amended complaint must include
14 facts supporting tolling.

15 **II. Defendant's Remaining Motions to Dismiss**

16 Although the complaint is dismissed in its entirety for failure to comply with Rule
17 8, the Court finds it appropriate to address certain motions made by Defendants not
18 addressing the sufficiency of the allegations which will preclude Plaintiff from bringing the
19 claims in an amended complaint.[4]  The Court must also address Defendant Rady's and

---

[4] Several Defendants move to dismiss based upon res judicata.  Rady's argues the judgment in the state court action in favor of Rady's in Stewart v. PUSD, case no. GIC868954, which contained allegations which are the basis of Plaintiff's present claims against Rady's bars the action.  Defendants Slavik and K.I.D.S. contend Plaintiff's action in Superior Court and the administrative proceedings which were based upon essentially the same factual allegations contained in Plaintiff's present complaint bar the pending matter.  Defendants PUSD, Shieh, Marsaglia, Murphy and Kurtz maintain the pending action is barred by res judicata, the action filed by Plaintiff's mother, Stewart v. Poway Unified Sch. Dist. Bd. of Educ. Trs., case number 04cv0438 WQH (POR) resulted in a final judgment, which raised claims asserted in the pending action and the parties are in privity.

Determination of the possible preclusive effect of prior actions requires a review of Plaintiff's current allegations.  Because the Court dismisses the action based upon the confusing and incoherent nature of the claims, it is more appropriate to address res judicata after Plaintiff files his amended complaint that complies with Rule 8.

Defendant Rady's, and Defendants Slavik and K.I.D.S. also assert they are immune from litigation pursuant to California Code of Civil Procedure section 47(b).  Defendants argue if each of Plaintiff's claims are based on the allegation that Rady and Defendant Slavik conspired to falsify reports and this was

Defendants Slavik and K.I.D.S.'s motions to strike and Defendant CDE's motion to dismiss for improper service.

**A. Claims Plaintiff is Precluded from Bringing in an Amended Complaint**

**1. Claims Against Defendant OAH**

Defendant OAH argues Plaintiff's claims arise from Administrative Law Judge Geren's decisions and imposition of sanctions and therefore, it is entitled to judicial immunity. Judges are absolutely immune from suits for money damages for acts performed in their official capacities. Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Dennis v. Sparks, 449 U.S. 24, 27 (1980); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). This immunity is extended to a hearing officer's judicial or quasi-judicial functions. See Taylor v. Mitzel, 82 Cal.App.3d 665 (1978); Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) ("[Those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."). Judicial immunity is not overcome by allegations of bad faith, malice or conspiracy. Mireles, 502 U.S. at 11. The only circumstances in which a judicial officer will not have judicial immunity are where the judicial officer did not perform a judicial act, and where the judicial officer acted in clear absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356-57, 360 (1978); Mireles, 502 U.S. at 11-12.

Plaintiff maintains ALJ Geren had no jurisdiction to review his parents' past investigations in reaching his decision in April 2006. Plaintiff does not argue the ALJ lacked jurisdiction to hear the action. Instead, he challenges the ALJ's review of certain information in reaching the decision. Clearly, Plaintiff is challenging acts taken by ALJ Geren's in his role as a judicial officer and within Geren's jurisdiction as an ALJ. Accordingly, Defendant OAH is entitled to judicial immunity. Accordingly, Plaintiff is

---

discovered during Slavik's testimony at the administrative law proceeding, said communications are absolutely protected from litigation and cannot be the basis of this lawsuit.

"[F]ederal courts will recognize state privileges only in cases in which state law supplies the rule of decision." Religious Technology Center v. Wollersheim, 971 F.2d 363, 367 n. 10 (9th Cir. 1992). Defendants fail to demonstrate that the state litigation privilege is relevant to claims brought under the federal claims asserted in the pending complaint. Accordingly, the motion to dismiss on this basis is DENIED.

precluded from bringing any claims against OAH based upon rulings made by ALJ Geren.

**2. Claims against Pacific McGeorge School of Law and Fait**

Defendants Pacific McGeorge School of Law and Fait maintain they are entitled to judicial immunity from suit based upon their acts taken in their quasi-judicial capacity as hearing officers in due process hearings.

Plaintiff argues Fait, a hearing officer with the Special Education Hearing Office ("SEHO") run by Pacific McGeorge School of Law, was not authorized to act as a judicial officer when he issued the orders on August 11, 2005 and August 31, 2005. He maintains the OAH took over judicial duties on July 1, 2005. In reply, Defendants argue they were authorized and acting under their contractual duty when Fait ruled on the motions. They maintain that the OAH was contracted to hear actions filed after July 1, 2005, and those filed before, but not yet heard. They further maintain Plaintiff's case, which as heard in part before July 1, 2005, remained the responsibility of the SEHO.

Plaintiff fails to demonstrate Fait was not acting as a judicial officer when his issued the orders and fails to demonstrate a clear lack of jurisdiction. Accordingly, Defendant Pacific McGeorge School of Law and Fait are entitled to judicial immunity. Plaintiff's amended complaint shall not assert any claims against Defendants based upon Fait's conduct as a judicial officer.

**3. Claims Against Poway Unified School District and District Employees**

**a. Section 1983 Claim**

Defendants argue the Eleventh Amendment bars section 1983 claims against PUSD and the individual district employees. Beyond stating the claim is not barred by the Eleventh Amendment, Plaintiff sets forth no argument.

**i. Poway Unified School District**

The Eleventh Amendment prohibits suits against a state, and section 1983 does not abrogate this immunity since a state is not a "person" for purposes of the statute. Will v. Michigan Dept of State Police, 491 U.S. 58, 62 (1989). As an "arm" of the state, the Poway Unified School District itself is shielded from liability under the Eleventh

1  Amendment. Id. at 70; Belanger v. Madera Unified School District, 963 F.2d 248, 251
2  (9th Cir. 1992) (California school districts are considered to be state agencies for
3  immunity purposes); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198,
4  201 (9th Cir. 1988). "[I]n the absence of consent a suit in which the State or one of its
5  agencies or department is named as the defendant is proscribed by the Eleventh
6  Amendment. The state has not consented to be sued under section 1983 and Congress
7  did not override states' sovereign immunity when it enacted section 1983. Will, 491 U.S.
8  at 67; Southern Pacific Transp. Co. v. City of Los Angeles, 922 F.2d 498 (9th Cir. 1990).
9  Accordingly, PUSD is entitled to Eleventh Amendment Immunity from the section 1983
10 claim for damages. Plaintiff is precluded from bringing such a claim against PUSD in his
11 amended complaint.

12 **ii. District Employees**

13     The Eleventh Amendment also prohibits damage actions against state officials
14 acting in their official capacities. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71
15 n.10 (1989). However, the Eleventh Amendment "does not bar actions against state
16 officers in their official capacities if the plaintiffs seek only a declaratory judgment or
17 injunctive relief." Chaloux v. Killeen, 886 F.2d 247, 252 (9th Cir. 1989) (internal
18 quotations omitted); Pennhurst, 465 U.S. at 104-06. "It is well established that the
19 Eleventh Amendment does not bar a federal court from granting prospective injunctive
20 relief against an officer of the state who acts outside the bounds of his authority." Porter
21 v. Bd. of Trustees, Manhattan Beach Unified Sch. Dist.. 307 F.3d 1064, 1074 (9th Cir.
22 2002) (quoting Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 (9th
23 Cir. 1994); Ex parte Young, 209 U.S. 123, 159-60 (1908)). Injunctive relief, however, is
24 available only if there is a "real or immediate threat that the plaintiff will be wronged
25 again." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).

26     Defendants Shieh, Marsaglia, Murphy and Kurtz are entitled to immunity from the
27 section 1983 claims for damages against them in their official capacities. Plaintiff is
28 precluded from bringing those claims in his amended complaint.

**b. Americans with Disabilities Act**

Defendants maintain Plaintiff's ADA claim is barred by the Eleventh Amendment. They argue suits to recover money damages for failure to comply with Title I of the ADA are barred by the Eleventh Amendment. However, states are not entitled to Eleventh Amendment immunity from claims brought under Title II of the ADA. See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004).

Accordingly, Plaintiff may not bring claims under Title I of the ADA against PUSD and the district employees.

**4. Request for an Appeal of the Administrative Hearings**

Defendant Rady's, Defendants Slavik and K.I.D.S., and Defendant San Diego Board of Education argue a party may bring a civil action in the appropriate state or federal court if dissatisfied with a state educational agency's determination following a due process hearing. Defendant Ray's contends Plaintiff appealed his case to the San Diego Superior Court instead of federal court when he filed his first amended complaint against defendants on January 18, 2007 and the case was decided in favor of the defendants. Defendants argues, according to the allegations of the complaint, Plaintiff is attempting a second untimely appeal to federal court regarding his dissatisfaction with the Administrative Law Judge's ruling of April 13, 2006, because the Section 56505(k) provides a party 90 days from receipt of a hearing decision to appeal. The state agencies decision was made on April 13, 2006. As such, Rady's argues the present lawsuit filed May 29, 2007 is barred as untimely. Plaintiff does not address this argument.

Pursuant to the IDEA, when a complaint is received the state or local education entity shall hold an impartial due process hearing. 20 U.S.C. 1415(f)(1)(A). Any party aggrieved by the decision at the due process hearing may appeal the decision to the state education entity. 20 U.S.C. § 1415(g). A party aggrieved by the appeal may file a civil suit in state court or district court. 20 U.S.C § 1415(I). The civil action must be filed within 90 days of the decision or such time as the state allows. California state law allows for a 90 day statute of limitations for appeals of administrative hearings decisions. See

California Education Code 56505.

Plaintiff filed the pending action on May 29, 2007. To the extent he seeks to appeal administrative hearing decisions occurring before February 28, 2007, the claims are barred as untimely and shall not be asserted in an amended complaint.

**5. Claims Asserted on behalf of Others**

Defendants PUSD, Shieh, Marsaglia, Murphy and Kurtz and Defendant OAH argue Plaintiff, who is appearing *pro se* in this action cannot represent other alleged members of a class. This Court agrees. Plaintiff, a non-attorney, has no authority to represent anyone other than himself. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). Absent attorney representation, the amended complaint should not include claims asserted on behalf of others.

**6. Wiretapping Claims**

Defendant AALRR argues, to the extent Plaintiff seeks relief for alleged unlawful recordings of Plaintiff's parent's conversations he has no standing to sue under statutes prohibiting wiretapping. Plaintiff states he desires to amend his complaint to add state and federal wiretapping claims.

The wiretapping statutes noted by Defendants allow the government or the speaker a right of action. See 18 U.S.C. § 2511 (Providing the Federal Government the right to file a suit for violations therein); 18 U.S.C. § 2520 (Providing the person whose communication was intercepted to file a civil action); Cal. Penal Code § 637.2 (Permitting a person injured by unlawful wiretapping to bring a civil action). Plaintiff, as such, has no standing to bring an action based upon recordings of his parent under the federal and state statutes. The amended complaint shall not assert claims under 18 U.S.C. § 2511, 18 U.S.C. § 1520 or California Penal Code § 637.2.

**B. Motions to Strike**

Defendants Rady's, Slavik and K.I.D.S. argue Plaintiff's claim for punitive damages must be stricken, because allegations against healthcare providers are precluded at this stage of the litigation by virtue of California Code of Civil Procedure section 452.13,

1  which acts as a substantive state-law protection requiring a special motion in order to
2  proceed with a punitive damages claim against healthcare providers.  Defendants fail to
3  demonstrate state substantive law applies to Plaintiff's claims brought under federal
4  statutes.  According the motions to strike are DENIED.

**C.  Motion to Dismiss for Improper Service**

Defendants CDE and O'Connell maintain they have not been properly served and moves to dismiss pursuant 12(b)(5).  According to Federal Rule of Civil Procedure 4(j), a state or state created governmental organization must be served by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer or (B) serving a copy of each in the manner prescribed by the state's law on such a defendant."  Under California law, service upon a public entity may be effected "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body."  Ca. Civ. Pro. § 416.50.  Defendants must be served within 120 days after the complaint is filed.  If good cause is shown, the Court may extend the time for service.  See FED.R.CIV.P. 4(m)

According to the records of this case, service was initially attempted by the United States Marshals Service, pursuant to Plaintiff's *in forma pauperis* status.  See Process Receipt (Doc. No. 13).  Service was returned unexecuted, because it was left with the Department of Justice who is "not authorized to receive or accept documents on behalf of the California Department of Education."  Id.  Plaintiff also attempted service by certified mail.  Plaintiff appears to recognize Defendants have not been properly served and seeks an enlargement of time to effect service.

The Court finds good cause for granting the enlargement of time.  Although Plaintiff provided the United States Marshal with the incorrect address for service purposes, he did make an attempt to provide another address.  See Application to Reissue Order for Service (Doc. No. 72).  Plaintiff's motion is GRANTED.  Plaintiff shall take the action necessary to effect service of the amended complaint as to these defendants pursuant to rule 4(j).  Defendant's motion to dismiss for improper service is DENIED as

1 moot.

2 **III. Plaintiff's Motions**

3 **A. Motion to Lodge Complete Exhibits**

4 Plaintiff asks the Court to direct Defendant Slavik and K.I.D.S. to lodge complete copies of certain exhibits filed in support of their motion. Because the Court does not consider the exhibits in dismissing Plaintiff's complaint, the motion is DENIED as moot.

7 Plaintiff also seeks appointment of counsel based upon Defendants argument that Plaintiff lacks the capacity to sue. This Court finds Defendants Slavik and K.I.D.S.'s argument that Plaintiff lacks the capacity to sue, because he alleges he has Aspergers Syndrome, which is a form of autism and autism exists in children who are mentally retarded is completely devoid of merit. As such, Plaintiff's motion is DENIED.

12 **B. "Judicial Notice of Request for Ex Parte Communication**

13 Plaintiff filed a document notifying the Court that "defamatory, false discriminatory remarks were posted in a blogg [sic] format" involving the current law suit. Plaintiff asks the Court to issue an injunction to stop the blogging.

16 The Court construes Plaintiff's document as a motion for a temporary restraining order. The purpose of a temporary restraining order is to preserve the *status quo* before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974) (noting that a temporary restraining order is restricted to its "underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). As such, an applicant for a temporary restraining order is required to demonstrate "immediate and irreparable injury, loss or damage." FED. R. CIV. P. 65(b); see also Caribbean Marine Serv. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

26 The standard for issuing a temporary restraining order is similar to the standard for issuing a preliminary injunction. Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). The Ninth Circuit recognizes two tests

1 for demonstrating preliminary injunctive relief: the traditional test or an alternative sliding
2 scale test. Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). Under the traditional
3 test, a party must show: "1) a strong likelihood of success on the merits, 2) the possibility
4 of irreparable injury to plaintiff if preliminary relief is not granted, 3) a balance of
5 hardships favoring the plaintiff, and 4) advancement of the public interest (in certain
6 cases)." Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1120 (9th Cir. 2005). Where
7 a party demonstrates that a public interest is involved, a "district court must also examine
8 whether the public interest favors the plaintiff." Fund for Animals, Inc. v. Lujan, 962 F.2d
9 1391, 1400 (9th Cir. 1992).

10 Alternatively, a party seeking injunctive relief under Fed. R. Civ. P. 65 must show
11 either (1) a combination of likelihood of success on the merits and the possibility of
12 irreparable harm, or (2) that serious questions going to the merits are raised and the
13 balance of hardships tips sharply in favor of the moving party. Immigrant Assistance
14 Project of the L.A. County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir. 2002);
15 Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999); Roe v.
16 Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). "'These two formulations represent two
17 points on a sliding scale in which the required degree of irreparable harm increases as the
18 probability of success decreases.'" Roe, 134 F.3d at 1402 (quoting United States v.
19 Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992)); accord Sun Microsystems, 188
20 F.3d at 1119. "Thus, 'the greater the relative hardship to the moving party, the less
21 probability of success must be shown." Sun Microsystems, 188 F.3d at 1119 (quoting
22 Nat'l Ctr. for Immigrants Rights v. INS, 743 F.2d 1365, 1369 (9th Cir. 1984)).

23 The Ninth Circuit makes clear that a showing of immediate irreparable harm is
24 essential for prevailing on a temporary restraining order. See Caribbean Marine, 844 F.2d
25 at 674. "Speculative injury does not constitute irreparable injury sufficient to warrant
26 granting a preliminary injunction." Id.

27 Plaintiff's allegations in support of his motion are unrelated to the action
28 currently pending before this Court. As such, Plaintiff is unable to demonstrate a

likelihood of success of the merits of his action or that serious questions going to the merits of his claims exists. Plaintiff, therefore, is not entitled to injunctive relief in this action. Accordingly, the motion is DENIED.

**C. Motion to Add Additional Parties**

Plaintiff seeks to amend his complaint to add new plaintiffs, his mother Lindsey E. Stewart and his sister Caitlin Stewart. As previously stated the Court finds Plaintiff's attempt to represent his mother and sister in this action as a non-attorney improper. See McShane, 366 F.2d at 288. The motion to add new plaintiffs is DENIED.

Plaintiff is also seeking leave to add LRP Publications and 10 News as defendants. Because the Court is dismissing the complaint and providing Plaintiff an opportunity to file an amended complaint to include all parties from whom he believes he may seek relief, the request to add new defendants is moot. Accordingly, the motion to amend to add defendants is DENIED as moot.

**D. Motion for Reconsideration**

Plaintiff seeks reconsideration of the Court's order denying his request to file an untimely response to Defendant CDE and O'Connell's motion to dismiss. Because the Court dismisses the complaint for failure to comply with Rule 8, Plaintiff's response to the motion is moot. Accordingly, the motion for reconsideration is DENIED.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's complaint is **DISMISSED without prejudice**. Plaintiff shall file and serve[5] a First Amended Complaint that complies with Rule 8 and sufficiently addresses the deficiencies discussed above **on or before November 3, 2008**.

2. Defendant County of San Diego's motion to dismiss (Doc. No. 6-1) is

---

[5] Service of the amended complaint upon parties properly served the original complaint may be made pursuant to Federal Rule of Civil Procedure 5 and Local Rule 4.1. Service upon Defendant CDE and any new defendants must be effected pursuant to Federal Rule of Civil Procedure 4.

|   |   |   |
|---|---|---|
| 1 |   | **DENIED as moot**. Defendant's motion for a more definite (Doc. No. 6- |
| 2 |   | 2) is **GRANTED**. |
| 3 | 3. | Defendant Rady's Children's Hospital motion to dismiss (Doc. No. 28-1) |
| 4 |   | is **DENIED as moot**. Defendant's motion to strike (Doc. No. 28-2) is |
| 5 |   | **DENIED**. |
| 6 | 4. | Defendant Slavik and K.I.D.S. Therapy Associates's motion to dismiss |
| 7 |   | (Doc. No. 36-1) is **DENIED as moot**. Defendants' motion to strike |
| 8 |   | (Doc. No. 36-2) is **DENIED**. |
| 9 | 5. | Defendant San Diego County Office of Education's motion to dismiss |
| 10 |   | (Doc. No. 38-1) is **DENIED as moot.** Defendant's motion for a more |
| 11 |   | definite statement (Doc. No. 38-2) is **GRANTED**. |
| 12 | 6. | Defendant AALRR's motion to dismiss (Doc. No. 40-1) is **DENIED as** |
| 13 |   | **moot**. Defendant's motion for a more definite statement (Doc. No. 40-2) |
| 14 |   | is **GRANTED.** |
| 15 | 7. | Defendant Pacific McGeorge School of Law and Fait's motion to dismiss |
| 16 |   | (Doc. No. 44) is **DENIED as moot**. |
| 17 | 8. | Defendant Poway Unified School District's motion to dismiss (Doc. No. |
| 18 |   | 47-1) is **DENIED as moot**. Defendant's motion for a more definite |
| 19 |   | statement (Doc. No. 47-2) is **GRANTED**. |
| 20 | 9. | Defendant Office of Administrative Hearing's motion to dismiss (Doc. |
| 21 |   | No. 55-1) is **DENIED as moot**. Defendant's motion to strike (Doc. No. |
| 22 |   | 55-2) is **DENIED.** |
| 23 | 10. | Defendants California Department of Education and O'Connell's motion |
| 24 |   | to dismiss (Doc. No. 82) is **GRANTED**. |
| 25 | 11. | Plaintiff's motion to lodge exhibits and for appointment of counsel (Doc. |
| 26 |   | No. 51) is **DENIED**. |
| 27 | 12. | Plaintiff's motion for injunctive relief (Doc. No. 80) is **DENIED**. |
| 28 | 13. | Plaintiff's motion for extension of time to effect service (Doc. No. 99) is |

**GRANTED**.  Plaintiff shall serve Defendants California Department of Education and O'Connell with the summons and amended complaint pursuant to rule 4(j).

14. Plaintiff's motion to add plaintiffs (Doc. No. 108) is **DENIED**.
15. Plaintiff's motion to add defendants (Doc. No. 108) is **DENIED as moot.**
16. Plaintiff's motion for reconsideration(Doc. No. 118) is **DENIED as moot**.

DATED:  September 30, 2008

JOHN A. HOUSTON
United States District Judge